# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**EMANUEL JULES (#299983)**                    **CIVIL ACTION NO.**

**VERSUS**                                     **17-503-JWD-EWD**

**DARRYL VANNOY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 23, 2019.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EMANUEL JULES (#299983)                                    CIVIL ACTION NO.

VERSUS                                                                   17-503-JWD-EWD

DARRYL VANNOY, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, Emanuel Jules ("Plaintiff"), an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana instituted this action pursuant to 42 U.S.C. § 1983 against Darryl [sic] Vannoy (Warden), Barrett Boeker (Assistant Warden), James M. LeBlanc (Secretary of Department of Corrections), Nicholas Sanders (Major), Herman Holmes (Captain), Jarvis Callihan (Lieutenant), Daniel Stewart (Cadet/Sergeant), and two unknown individuals. Plaintiff alleges he has been deprived of property and that the defendants failed to follow proper prison protocol with regard to the missing property.[1] With regard to Defendant Boeker, Plaintiff also alleges that Boeker made false statements regarding Plaintiff's property, which resulted in the denial of Plaintiff's claim regarding the lost property.[2] Plaintiff seeks declaratory, injunctive, and monetary relief.[3]

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis*, or who is asserting a claim against a governmental entity or an officer or employee of a governmental entity, if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 17.
[3] R. Doc. 1, p. 18.

An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.[4] A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[5] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[6] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[7] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[8] A § 1915 dismissal may be made at any time if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[9]

Plaintiff alleges that on March 25, 2016, he was separated after fighting with another inmate.[10] As a result of this fight, Plaintiff was placed in administrative segregation, and his cellmate was ordered to pack Plaintiff's personal property.[11] Plaintiff requested to pack his own personal property but was informed his cell mate would pack Plaintiff's property.[12] On March 29, 2016, Plaintiff was allowed to go to a locker, where his personal property had been stored, to retrieve legal documents.[13] At this time, Plaintiff allegedly noticed several items were missing,

---

[4] *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).
[5] *Id.* at 32-33.
[6] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[7] *Denton v. Hernandez, supra*, 504 U.S. at 32.
[8] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[9] 28 U.S.C. § 1915(e)(2).
[10] R. Doc. 1, p. 13.
[11] R. Docs. 1, pp. 13-15; 1-1, p. 2.
[12] R. Doc. 1, pp. 13-15.
[13] R. Doc. 1, p. 15.

including a laundry bag, legal books, documents, personal books, and receipts.[14] Plaintiff alleges the unknown officer who escorted Plaintiff to retrieve his personal property did not follow protocol for documenting lost personal property.[15] Plaintiff's requests to have his personal property returned were denied as, based upon documentation, no items had been taken.[16] Plaintiff also alleges that false statements were made by Boeker regarding Plaintiff's property and its whereabouts.[17] Plaintiff blames the denial of his lost personal property claim on the alleged false statements made by Boeker.[18] Plaintiff's prayer for relief requests the following: (1) an order declaring Defendants acted in violation of the United States Constitution; (2) "an order granting [Plaintiff] the right to purchase a CD player and headphones from an outside vender [sic] due to the Institution no longer sell [sic] CD players; and the Headphones that's being sold are of a lesser quality than plaintiff's;" and (3) $1,000.00 in compensatory damages.

Pursuant to well-established federal jurisprudence, an unauthorized negligent or even intentional wrongful deprivation of property by state employees does not amount to a violation of the procedural requirements of due process if a meaningful post-deprivation remedy for the loss is available.[19] Further, the burden is on the complainant to show that available post-deprivation remedies are not adequate.[20] In the instant case, Plaintiff has not alleged that state post-deprivation

---

[14] R. Doc. 1, p. 15. Plaintiff's Lost Personal Property Claim attached to the Complaint indicates other items lost included Sony headphones and various CDs. (R. Doc. 1-1, p. 12).
[15] R. Doc. 1, p. 16.
[16] R. Doc. 1, p. 16-17.
[17] R. Doc. 1, p. 17.
[18] R. Doc. 1, p. 17.
[19] *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Parratt v. Taylor,* 451 U.S. 527, 542 (1981). This is commonly referred to as the "Parratt/Hudson Doctrine." Though Plaintiff's Complaint appears to indicate his property was taken by his cellmate, and Defendants failed to follow proper protocol and allegedly misstated facts regarding Plaintiff's property, construing the Complaint liberally, this Court also interprets the claims as asserting state officials actually deprived Plaintiff of his property.
[20] *Marshall v. Norwood,* 741 F.2d 761, 764 (5th Cir. 1984). *See also, Batiste v. Lee*, Civ. Action No. 09-674, 2009 WL 2708111 (W.D. La. Aug. 26, 2009)(dismissing pro se prisoner's claims for deprivation of property as frivolous and for failing to state a claim based on the *Parratt/Hudson Doctrine*)

3

remedies are unavailable to him or are inadequate. To the contrary, it is recognized that Louisiana law provides ample remedies under which Plaintiff could proceed against Defendants for recovery of his property or for reimbursement for its loss.[21] Further, the failure of prison officials to follow prison rules or regulations does not amount to a violation of Plaintiff's constitutional rights.[22] Accordingly, Plaintiff's claim relative to an alleged loss of property is without constitutional merit.

To the extent Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that Plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be **DISMISSED, WITH PREJUDICE**, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[23]

---

[21] *Id.* at 763.
[22] *Jackson v. Cain*, 864 F.3d 1235, 1252 (5th Cir. 1989). It appears Plaintiff attempts to attach constitutional dimension to the alleged false statements made by Boeker, but this fails. Whether Boeker has made or makes false statements regarding Plaintiff's property is a fact to be hashed out by the state court under state law, using the post-deprivation remedies available to Plaintiff. There is no cognizable constitutional claim for an officer making a false statement with respect to an investigation regarding lost or stolen property.
[23] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**IT IS FURTHER RECOMMENDED** that Plaintiff's pending Motion Requesting Service of Summons[24] be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on July 23, 2019.

                                          **ERIN WILDER-DOOMES**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

[24] R. Doc. 15.

5